IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERIC SAMUEL, # 277784, | ) Civil Action No. 3:07-1586-PMD-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MRS. LORI D. PROCTOR, PUBLIC DEFENDER; | ) |
| MR. BOYD YOUNG, PUBLIC DEFENDER OF | ) |
| CHARLESTON COUNTY PUBLIC | ) |
| DEFENDER'S OFFICE; AND | ) |
| CHARLESTON COUNTY PUBLIC | ) |
| DEFENDER'S OFFICE, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| _____ | ) |

This action was commenced by Plaintiff in the Court of Common Pleas for Richland County

on March 28, 2007. On June 6, 2007, Defendants removed this action to this court.[1]  Defendants

filed a motion for summary judgment on November 8, 2007. Plaintiff, because he is proceeding pro

se, was advised on November 13, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), that a failure to respond to Defendant's motion for summary judgment could result in the

dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on

December 3, 2007.

FACTS

Plaintiff was arrested on November 7, 2000, on the charges of Armed Robbery and Assault

and Battery with Intent to Kill. On February 5, 2001, the Charleston County Grand Jury indicted

Plaintiff for Armed Robbery and Assault and Battery of a High and Aggravated Nature. On August

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(d) and (e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

28, 2001, Plaintiff proceeded to a jury trial.  He was represented by the Charleston County Public

Defender's Office and Assistant Public Defenders Lorelle Proctor and Boyd Young.  Plaintiff was

found guilty of all charges and was sentenced to a term of life without parole pursuant to S.C. Code

Ann. § 17-25-45.  The South Carolina Court of Appeals dismissed Plaintiff's Appeal on May 15,

2002, and his Petition for Rehearing was denied on June 26, 2002.  Plaintiff filed an Application for

Post-Conviction Relief ("PCR") on July 3, 2005; an Amended Application for PCR on July 7, 2005;

a second Amended Application for PCR on December 29, 2005; and a Third Amended Application

for PCR on May 1, 2006. Plaintiff's Applications for PCR have yet to be adjudicated.

## DISCUSSION

Plaintiff alleges "legal mal-practice and denial of due process and equal protection of the

laws and denial of statutory and constitutional rights."  He claims that Defendants' representation

of him at his trial constituted ineffective assistance of counsel.  Plaintiff requests that Defendants

be publicly reprimanded, and he be awarded $25,000,000 in general and $25,000,000 in punitive

damages.  Defendants contend that they are entitled to summary judgment because: (1) to the extent

that Plaintiff's complaint can be construed to allege a civil rights claim against Defendants pursuant

to 42 U.S.C. § 1983, the claim must be dismissed because Plaintiff concedes that he has no basis for

such a claim; and (2) Plaintiff's claim against Defendants for legal malpractice must fail because

Plaintiff cannot demonstrate that any alleged negligence of Defendants proximately caused his

injuries.

1.     § 1983 Claims

Plaintiff appears to assert claims under § 1983 for violations of his due process and

equal protection rights.  Defendants contend that Plaintiff's § 1983 claims should be dismissed

because Plaintiff, at his deposition, conceded that the Public Defender's Office is a non-profit organization and that assistant public defenders are not officers or employees of the state or county (Plaintiff's Dep. 10-12), such that they could not have been acting under color of state law.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999).  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir.1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir.1980), cert. denied, 454 U.S. 1141 (1982) (court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

(2)    State Law Claims

Plaintiff alleges claims for legal malpractice under South Carolina law.  He appears to claim that Defendant Proctor was negligent because she failed to move, prior to trial, for the dismissal of the warrant issued for Plaintiff's arrest.  Defendants contend that Plaintiff cannot establish a claim under South Carolina law for legal malpractice because he cannot demonstrate that any alleged negligence of Defendants proximately caused his injuries.

In a legal malpractice action under South Carolina law, a plaintiff must prove that (1) the defendant was negligent, (2) the defendant's negligence proximately caused the plaintiff's injuries, and (3) damages resulted.  Summer v. Carpenter, 492 S.E.2d 55, 58 (S.C. 1997). "[I]n an action for

3

legal malpractice based on conviction of a crime the general standard is the plaintiff must show innocence of the crime in order to establish liability." Brown v. Theos, 550 S.E.2d 304 (S.C. 2001).

Plaintiff claims that Proctor was in possession of information demonstrating that a police officer gave false information in an affidavit supporting the issuance of the arrest warrant. Plaintiff's Dep. 19-20.  In the affidavit, the officer stated that Plaintiff demanded money from the victim.  Defendants' Motion for Summary Judgment, Ex. 2.  At trial, the victim testified that Plaintiff did not issue any demand for money.  Defendants' Motion for Summary Judgment, Ex. 2. Plaintiff claims that Proctor knew of the alleged discrepancy prior to trial.  Plaintiff's Dep. 15-16. He, however, later conceded that the discrepancy may have not become known to Proctor until the victim testified at trial.  Plaintiff's Dep. 35-37.  Thus, Plaintiff's claim of negligence or malpractice on the part of Proctor is based upon his speculation only.

Even if Plaintiff could establish that Proctor knew of the "false" affidavit prior to trial, his claim fails because Plaintiff cannot establish that Proctor's alleged negligent representation of him proximately caused his incarceration.  Plaintiff has not obtained post-conviction relief.  As noted above, Plaintiff has filed successive applications for PCR and his most recent application has yet to be adjudicated.  See also Plaintiff's Dep. 25.  Second, Plaintiff cannot provide that he is innocent of the crimes for which he was convicted.  At trial, the court admitted into evidence a statement voluntarily given by Plaintiff in which he admitted his involvement of the crimes for which he was later convicted.  Plaintiff's Dep. 45-47; Defendants' Motion for Summary Judgment, Exs. 3 and 4.[2]

---

[2]Alternatively, it is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that Plaintiff's state law claims be remanded to the State court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary

judgment (Doc. 43) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

April 11, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).