**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ERIC SAMUEL, # 277784, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:07-1586-PMD-JRM |
| vs. ) | |
| ) | |
| MRS. LORI D. PROCTOR, PUBLIC DEFENDER; ) | |
| MR. BOYD YOUNG, PUBLIC DEFENDER OF ) | |
| CHARLESTON COUNTY PUBLIC ) | |
| DEFENDER'S OFFICE; AND ) | **ORDER** |
| CHARLESTON COUNTY PUBLIC ) | |
| DEFENDER'S OFFICE; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court upon the recommendation of the Magistrate Judge that Defendants' Motion for Summary Judgment be granted. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On April 29, 2008, Plaintiff filed timely objections to the R&R.

**BACKGROUND**

Plaintiff was arrested on November 7, 2000, on charges of Armed Robbery and Assault and Battery with Intent to Kill. On February 5, 2001, the Charleston County Grand Jury indicted Plaintiff for Armed Robbery and Assault and Battery of a High and Aggravated Nature. On August 28, 2001, Plaintiff proceeded to a jury trial. He was represented by the Charleston County Public Defender's Office and Assistant Public Defenders Lorelle Proctor and Boyd Young. Plaintiff was found guilty of all charges and was sentenced to a term of life without parole pursuant to S.C. Code

1

Ann. § 17-25-45.

Plaintiff, proceeding *pro se,* brought the instant action on March 28, 2007, in the Court of Common Pleas for Richland County alleging "[1]legal mal-practice and [2]denial of due process and equal protection of the laws and denial of statutory and constitutional rights." (Compl. at 1.) The crux of Plaintiff's complaint appears to be that Defendant Proctor was negligent because Proctor was in possession of information demonstrating that a police officer gave false information in an affidavit supporting the issuance of the arrest warrant, and Proctor failed to move, prior to trial, for the dismissal of the warrant issued for Plaintiff's arrest. *Id.* ¶¶ 8-11.

Plaintiff named the following individuals as Defendants: Lori Proctor, Public Defender; Boyd Young, Public Defender of Charleston County Public Defender's Office; and the Charleston County Public Defender's Office.[1] *Id.* at 1. On June 6, 2007, Defendants removed this action to federal court pursuant to the provisions of 28 U.S.C. § 1441(b), as one of the claims arises under the Constitution and laws of the United States of America.

Defendants filed a Motion for Summary Judgment on November 8, 2007, and Plaintiff filed a memorandum in opposition to summary judgment on December 3. The Magistrate Judge dismissed Plaintiff's § 1983 due process and equal protection claim because Plaintiff conceded that the Public Defender's Office is a non-profit organization, and as such, the Public Defenders were not acting under color of state law, which is a requirement for any § 1983 claim. (R&R at 2-3.) In considering the Plaintiff's legal malpractice claim, the Magistrate Judge found that Plaintiff could not establish that Proctor's alleged negligent representation proximately caused his incarceration,

---

[1] Plaintiff's Motion to Amend/Correct the Notice of Removal to add Charleston County as a defendant in this action was denied on October 11, 2007.

and additionally, Plaintiff could not show that he had been wrongfully convicted. *Id*. at 3-4. Accordingly, on April 11, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' Motion for Summary Judgment be granted. *Id.* at 5. However, the Magistrate Judge recommended that in the alternative, the District Court could grant summary judgment only as to Plaintiff's § 1983 claim, and exercise its discretion pursuant to 28 U.S.C. § 1367(c)(3) to remand Plaintiff's legal malpractice claim to the state court. *Id.* at 4.

In response, on April 29, 2008, Plaintiff filed Written Objections to the Report and Recommendation. Plaintiff objected that:

> [T]he court lack subject matter jurisdiction to address any state law claims as the United States Magistrate Judge did when the United States Magistrate Judge adress state law claims as apart of the United States Magistrate Judge Report and Recommendation without allowing to let the plaintiff to exhaust the plaintiff's state court remedies regarding the above captioned case ... [and] the plaintiff has not set forth a valid federal claim so that the court declined to exercise jurisdiction over the plaintiff: state law claims that the plaintiff remaining state law claims should be remanded back to state court since the defendant's removed this matter from the State court on June 06, 2007 therefore the plaintiff's state claims should be remanded back to the State court for the plaintiff to be able to exercise the plaintiff's rights to exhausted the plaintiff's state court remedies that the plaintiff intentionally intended to do which in fact when the plaintiff filed this matter with the State court in the above captioned case hopefully the court will take the proper actions to remanded the above captioned case back to the State court to allow the plaintiff the rights to exhaust the plaintiff's state remedies regarding the above captioned case.

(Objections at 2-3.)

In short, it appears that Plaintiff requests that the District Court adopt the Magistrate Judge's alternative recommendation and remand the legal malpractice claim to state court instead of granting summary judgment on that claim.

## **STANDARD OF REVIEW**

### A.     **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc*., 915 F.2d 121, 124 (4th Cir. 1990).

### B.     **Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts.

## **ANALYSIS**

Plaintiff's central objection to the R&R is that the Magistrate Judge should have recommended remanding Plaintiff's legal malpractice claim to state court instead of recommending granting summary judgment to Defendants on that claim. (R&R at 1-2.) Additionally, Plaintiff generally objects to the Order dated October 11, 2007, insofar as it denied Plaintiff's Motion for Supplemental Jurisdiction and Motion for Duplicitous. *Id.*

### **A. Plaintiff's Objection to Recommendation of Summary Judgment**

Plaintiff's state law legal malpractice claim was removed to federal court along with Plaintiff's § 1983 federal due process and equal protection claim. The Magistrate Judge recommended dismissal of the federal claim against the Public Defenders, leaving the Magistrate Judge with a decision either to recommend remanding the legal malpractice claim to state court or deciding the summary judgment motion on the malpractice claim on its merits.

28 U.S.C. § 1367(c)(3) states, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." Further, "federal courts [] have an inherent power to remand removed state claims when the federal claims drop out of the case." *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 353, 357 (1988)). The Supreme Court concluded that:

> [A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Carnegie-Mellon*, 484 U.S. at 353.

5

More recently, the Fourth Circuit echoed the Supreme Court's holding, writing that "a district court has inherent power to dismiss the case or, in cases removed from state court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson,* 239 F.3d at 617. The Fourth Circuit stated that "when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider 'principles of economy, convenience, fairness, and comity.' " *Id.* (quoting *Carnegie-Mellon*, 484 U.S. at 353).

Reviewing the Magistrate Judge's recommendation not to remand under the "principles of economy, convenience, fairness, and comity," this court holds that it was appropriate for the Magistrate Judge to recommend dismissal of the state law legal malpractice claim. Remanding the claim would have posed an inconvenience to the state court considering that the legal malpractice claim is before this court, which is already familiar with the facts of the case and the claims of both party, and the legal issue to be decided is a simple, straightforward application of state law. The Magistrate Judge correctly found that "Plaintiff cannot establish that Proctor's alleged negligent representation of him proximately caused his incarceration" because Plaintiff "admitted his involvement of the crimes for which he was later convicted." (R&R at 4.)[2] Since Plaintiff admitted his guilt and has not obtained any sort of post-conviction relief, he has made no showing to this court that any actions of his attorneys caused his incarceration, which Plaintiff is required to do to establish a claim of legal malpractice. Thus, there is no genuine issue as to any material fact and the Magistrate Judge correctly recommended that this court grant Defendants' Motion for Summary

---

[2] Citing Plaintiff's Dep. 45-47; Defendants' Motion for Summary Judgment, Exs. 3 and 4.

Judgment on Plaintiff's state law legal malpractice claim.

### B. Plaintiff's General Objections

Plaintiff also generally objects to the denial of his Motion for Supplemental Jurisdiction and Motion for Duplicitous. (Objections at 1-2.) Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005). This court finds no clear errors on the face of the record and dismisses Plaintiff's general objections to the Report and Recommendation, finding that Plaintiff failed to specifically identify any basis for such objections.

### CONCLUSION

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's recommendation in full and **GRANTS** Defendants' Motion for Summary Judgement.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 25, 2008**